Mr. Vanoy challenges the imposition of the enhancement at the Armed Career Criminal Act on two bases. First of all, he argues that his prior convictions under the Virginia Controlled Substance Act do not qualify as predicate offenses. He also challenges the finding at committed on occasions different from one another. The second one I will submit on the brief unless this court has some specific questions about those. I understand there is binding authority to the contrary, so I'll just submit that on the brief for purposes of the record unless the court has questions about that. With regard to the initial challenge, this is a highly technical argument. I'd like to start out by just addressing what I do not believe is in dispute in this case because I think by examining what's really not disputed by the parties will help explain why the enhancement should not have been applied in this case. First of all, the Virginia Controlled Substance Act was broader than the Federal Controlled Substance Act in 2001 and 2003. It did include several substances, for example, benzofentanyl, which were not federally regulated. The government alleges or argues in their brief that it's arguably overbroad. It's not arguable. There's no question that it is overbroad because it includes substances, it controls substances that were not federally regulated. So that's the first thing I believe that's really not disputed in this case. Second of all, both parties cite to Sierra. We believe Sierra is important for different reasons, however. However, Virginia does not require, and this is Sierra, does not require a defendant to have knowledge of the identity of the controlled substance that he or she possesses. All it requires is that the defendant know or have some knowledge that that is a controlled substance under the Virginia Controlled Substance Act. Identity of a specific type of drug is not required. The government relies on two cases from this court. They rely on Martinez v. Sessions and Ford, United States v. Ford. Both of those cases are totally distinguishable. Martinez involves the Missouri Controlled Substance Act. It requires a defendant to have knowledge of the identity of the controlled substance they're charged with selling or intending to distribute. Likewise, Ford, if you read that case, it cites Iowa cases and it cites jury instructions where there is a requirement that the defendant know, I believe, know exactly what the identity is. I think it was methamphetamine. Is the identity an element though that the government has to prove in Virginia? We don't believe that it is an element. I believe that it is a debatable question based on the authorities before the court. I believe it's somewhat of a confusion question. We contend it's not. We believe what the element is is a controlled Schedule I or Schedule II controlled substance. So if you're wrong on that, if we decide that the government does have to the identity or charge and prove beyond a reasonable doubt a specific drug, do you still have an argument related to the fact that the defendant need not know what drug it is? Yes, yes. And I believe that is the stronger argument because I don't believe there's really any dispute regarding the mens rea required to convict someone of the Virginia offense. The government, they focus quite a bit on Sierra and how Sierra refers to the Actus Reus that the government must prove the identity as the Actus Reus. First of all, I'd simply point out that has only to do with the penalty section. And that same opinion states that the legislature intended to criminalize knowing and intentional possession of a controlled substance, whatever that controlled a controlled substance. And the government would have you treat this basically a strict liability. There's no requirement at all that there be any mens rea as long as the offense, quote unquote, involved some federally controlled substance. But we believe the authorities indicate otherwise. McFadden is a Supreme Court case, obviously binding. It indicates there's required knowledge that the drug must be a federally controlled substance. And it indicates, and if you basically accept the government's logic that as long as it involves, you're pretty much untethering the mens rea from the element of the offense. And the Actus Reus is the physical, mens rea is the mental. Both of those are required to satisfy for those things. I know I am into my rebuttal time now. But just to illustrate this point, in Virginia, you could possess a controlled substance that would be a Schedule 6 or Schedule 6 Class 4 misdemeanor. You could possess that substance and have some knowledge that it's a controlled substance. It could turn out to be a Schedule 1 or Schedule 2 substance. You could be punished by a felony. And according to the government's logic, that same offense could then be used as a predicate to enhance your minimum sentence to 15 years under the Armed Career Criminal Act. So I believe that kind of illustrates why the Virginia offense, the requirement of mens rea is essential. It has to be proven. McFadden indicates that. And for those reasons, we think the offenses are overbroad and should not count as predicate offenses. I would like to reserve whatever time I have left for my rebuttal. Very well. Mr. Hurst. May it please the Court, Ben Hurst of the United States. Defendant's mens rea argument runs headlong into this Court's decision in BINO, which explains how this Court applies the involving language from 924E's serious drug offense definition. Excuse me. And in that case, the Court considered a state law offense that did not require intent to give or intent to sell. All it required was an offer. And the Court said, well, it wasn't required that the mens rea from the state law offense match up perfectly. What's required is that what involving means is related to or connected with drug activities. And it's not the case that this means it's a strict liability offense. In fact, what BINO specifically says is that as long as the state law offense requires the defendant to manifest an intent to enter into the dangerous drug world, enter into the dangerous world of drug dealing, that's what's required from perspective of the mens rea. So what we have here is not what we have in the enumerated offenses clause, where we're going to compare the generic offense of burglary or arson or extortion to some state law offense. In fact, what we have here is a comparison. The only one-to-one ratio that's required is between the, that is listed on the federal schedule, and what drugs are covered by the schedule for the state. For the rest of the crime, the rest of what's considered, we look at involving. And what involving means is related to or connected with. All that's required is that the defendant enter into the dangerous world of drug dealing. It's not required to be a closer fit than that. Counsel, I want to make sure I'm looking at the same case you are. Is that B-O-L-E-Y-N? Is that the case you're looking at? No, Your Honor. It's United States v. Bynum. Bynum. Bynum. And it's cited in our brief. I don't have the page number with me, but it is there in our brief. It's at 17. Oh, thank you. And furthermore, on the mens rea point, I think there's one sort of practical consideration or statute that needs to be made there, which is, if the defendant's position is right, and the state law offense mens rea is incorporated in some way into 924E's serious drug offense definition, and we think that's not true, but if that's the position the defendant's taking, it's going to require that the court not consider many states' drug convictions as state law. In many states, there's not going to be a one-to-one matchup between the mens rea that's required and the federal drug schedule. It's not the case that many states have the drug, the defendant must have the mens rea of a federal drug, right, whatever's listed on the federal drug schedules, and then the act is whatever's listed on our schedules. The only states that are going to count in that case are those that are just incorporate the federal schedules wholesale, and that can't be the meaning of a paragraph in 924E which specifically discusses state law. So for those reasons, we think that the defendant's position on mens rea is just contrary to this court's holding in binum. With respect to the divisibility of the statute, we would point you, in particular, to three cases. Cypress is a Virginia Supreme Court case that deals specifically with this 248 offense, and it's a case where the Supreme Court held that it was improper to include certificates of analysis, but that it was harmless error because the government had proved the nature and quantity of the drug, which was an element of the crime, by other evidence. So it was harmless error. It shows the nature and quantity of the substance as an element. Sierra is a case that both parties have cited and refers to the specific type of substance, the specific substance, and it uses examples of cocaine and heroin, which if the defendant's position is correct, the category is schedule one, schedule two drugs, both of those drugs would fall into that category. And for that, we would point the court to Howard, which is an unpublished case, but it's a case similar to a case this court relied on from Missouri, where the court held in Howard, the Virginia Court of Appeals said two drugs and one pill, both of which, by the way, would be in the same category under the defendant's view, count as two different offenses. So there was a sufficiency of the evidence question, pill contained heroin and fentanyl, and the court said with sufficient evidence to find two conditions here, defendant's position were correct, the court would have had to find those with multiple evidence. Furthermore, look at the text of the statute, the text of the statute doesn't, it refers to a controlled substance, but it says a controlled substance. In Martinez, this court found a controlled substance, similar language in the Missouri statute, to refer to a particular drug. Furthermore, it's not like the statute doesn't have the sort of here we have a case that, or a statute that refers to particular schedules, no schedules are an exhaustive list of the ways that the defendant could commit the crime. Lastly, with respect to the, if the court were to find that that is all not convincing, it's permitted by Mathis to take a peek at the documents of conviction, and here I think it's relevant to look at those documents, and they don't say, as the defendant's position would suggest, well, defendant possessed with intent to distribute a Schedule I or Schedule II substance. It doesn't even say, defendant possessed with intent to distribute a Schedule II substance, to wit, cocaine. What the convictions both say is that the defendant possessed with intent to distribute cocaine, comma, a Schedule II substance. So it supports the defendant's, or the government's view here, that the particular type of drug is an element to the offense. One specific point that I wanted to mention about Howard, which is our case about the two different drugs that were in one pill, this court relied on a similar case in Martinez when it found that the element there was a specific type of drug. And one point I'd like to make about Ford, which is a case concerning the Iowa statute, that statute has similar structure to one in Virginia, where the statute considered a Schedule I, Schedule II substance, where it lists out different kinds of different substances in different quantities. But the part that's consistent with what the Virginia statute does here, is that at the end, further down in the statute in Ford, it said, in all other drugs listed in Schedule I, II, or III, and following that, all drugs listed in Schedule III, or IV, and V, get a different punishment. Yet this court considered that to be referring to the drug as a specific element of the offense. There are no additional questions. The government is also prepared to rest on its briefs with respect to the second issue, and we would ask this court to affirm. Very much. Three and a half minutes. Thank you, Your Honor. With reference to Bynum, there is language regarding Bynum about the dangerous world of drug dealing. I would say Bynum is distinguishable on a couple of bases. First of all, in Bynum, I believe that was a case where they were selling something, or it was like a theft. It was a simulated drug transaction. There's no question about identity, and it was a question of, well, we were trying to steal money in a simulated drug purchase without actually producing the drug. So that's clearly, you can see how that would be dangerous, and how you might want to consider that to be a predicate. In contrast here, what we have essentially is Virginia criminalizes a substance that is not even federally controlled. So it is conceivable, and I know these are all technicalities, but this is the process we engage in. It is conceivable that Mr. Vinoy could have intended to possess something or sell something that's not federally controlled, and that would be used as a predicate, and we don't believe that's permissible. As to Howard, that's an unpublished opinion to the court, can rely on it as precedent. I don't believe it establishes that the nature of the substance is an element. That's really an issue about the unit of prosecution, not as to whether it is a required element. And language in Howard, with reference to that, says they must only prove, as far as Mandrea goes, that the person is aware of its illicit nature and character, not that they have to know the precise identity of the substance. Finally, in closing, I would like to draw the court's attention to... Does that respond to the point made by the government about the ACCA using the term involve or involving? Yes. Bynum, I believe, is one of the key cases on involving based on... I don't know that Howard relates to that, but I think Bynum does relate to involving. And what I would say, if you look at the actual statute, it says involving and you go on, and then it says a federally controlled substance. So there is a linkage. The offense must involve a federally controlled substance, and if it doesn't involve that, and in which case Virginia criminalizes and controls a lot of substances that are not federally regulated, at least in 2001 and 2003, so I don't believe Bynum is detrimental to Mr. Benoit. The last point I'd like to make in 2001-2003, this occurred prior to Blakely, prior to Booker, all of that Supreme Court jurisprudence regarding what's an element of the offense. So Sierra specifically says, with reference to Actus Reis, that that's limited to the penalty section. It is the government's burden to prove that a predicate applies. There's no showing, at least in 2001-2003, that it was even a required element that must be submitted to a jury. And I know the statute does speak to quantity. Quantity was not alleged in Mr. Benoit's case. All that was alleged or all that needed to be alleged for the penalty was a Schedule I or Schedule II controlled substance. So that's another reason we believe, or another consideration the court should look at, is just the timing of the convictions did not occur at a time when anyone really recognized, in any circuit or the that has come to be such a central component in the criminal law today. If there's no further questions, thank you very much. Thank you, counsel. Thank you for your arguments. The case is submitted. You may stand aside.